IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

FILED
IN CLERK'S OFFICE

2004 APR 19 P 3: 22

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| GERALD F. RICHARDS, | ) |
| Plaintiff, | ) |
| v. | ) |
| SOUTHBRIDGE POWER & THERMAL, LLC. | ) |
| Defendant. | ) |

## NOTICE OF REMOVAL

Defendant Southbridge Power & Thermal, LLC ("Southbridge"), through its attorney, Patrick Markey, Robinson Donovan, PC, pursuant to 28 U.S.C. §§ 1441(a) and (b) and 1446, gives notice of removal of this action from the Superior Court of the State of Massachusetts, County of Worcester, to this Court. In support of its Notice of Removal, Southbridge states as follows:

**A.   Jurisdiction**

1.    This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) and this action may be removed to this Court by Southbridge pursuant to 28 U.S.C. § 1441(a) and (b), in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

2.    On or about January 13, 2004, Plaintiff Gerald F. Richards filed his Complaint in the Superior Court of Massachusetts, County of Worcester, against Southbridge, alleging negligence and failure to warn. (The complaint is attached as Ex. A.)

361608

FILING FEE PAID:
RECEIPT #: 401298
AMOUNT $: 150.00
BY DPTY CLK: [signature]
DATE: 4-19-04

3.  On or about March 19, 2004, Plaintiff served the Complaint on Southbridge.

4.  Plaintiff Richards is an individual residing in Leeds, Maine.

5.  Defendant Southbridge is a corporation organized and existing under the laws of the State of Delaware and has its principal place of business in Chicago, Illinois.

6.  There is complete diversity of citizenship between the parties involved in this cause of action under 28 U.S.C. § 1332(a) because the plaintiff and the defendant are now, and were at the time of the commencement of this action, citizens of different states.

7.  The amount in controversy is reasonably believed to exceed the sum of $75,000, exclusive of interest and costs. In fact, the cover sheet to the Complaint specifically states that damages are approximately $190,000. (*See* Ex. A.)

**B.   Notice of Removal is Procedurally Correct**

8.  This Notice of Removal is timely as it has been filed within 30 days of service of the Complaint on Southbridge as required by 28 U.S.C. § 1446(a).

9.  Southbridge was served with Plaintiff's Complaint through service on CT Corporation Systems on March 19, 2004. (The Service of Process Transmittal Form is attached as Ex. B.)

10. Removal of this action is allowable under 28 U.S.C. § 1441(a) and (b).

11. Venue is proper in the United States District Court for Massachusetts under 28 U.S.C. § 1441(a) because this District Court embraces the place in which the removed action has been pending in the Superior Court of the State of Massachusetts, County of Worcester.

361608

12. Copies of all process, pleadings and orders that have been served upon Southbridge are attached to this Notice as Exhibits A and B.

13. A copy of this Notice of Removal has been filed in the Superior Court of the State of Massachusetts, County of Worcester, and served upon plaintiff's counsel.

WHEREFORE, SOUTHBRIDGE POWER & THERMAL, LLC, requests that this action be removed to the United States District Court for Massachusetts.

Respectfully submitted,

SOUTHBRIDGE POWER AND THERMAL, LLC.

By: _____
Patrick J. Markey, Esq.
Robinson Donovan, P.C.
1500 Main Street – Suite 1600
Springfield, MA 01115
413-732-2301
BBO No.: 568124

### CERTIFICATE OF SERVICE

I, Patrick J. Markey, Esq., hereby certify that on this 19th day of April, 2004, I served a copy of the above upon the parties in the action by mailing, postage prepaid, to counsel, Charlotte E. Glinka, Keches & Mallen, P.C., 122 Dean Street, Taunton, MA 02780.

Subscribed under the penalties of perjury.

_____
Patrick J. Markey, Esq.

361608



# COMMONWEALTH OF MASSACHUSETTS

Worcester, ss.

**Superior Court
Department of the Trial Court
of the Commonwealth
Civil Action**

No. 04-00082C

Gerald F. Richards                    Plaintiff(s)

V.                                    **SUMMONS**

Southbridge Power & Thermal, LLC      Defendant(s)

✷ To the above-named Defendant: Southbridge Power & Thermal, LLC

You are hereby summoned and required to serve upon Charlotte E. Glinka of Keches & Mallen, P.C., plaintiff's attorney, whose address is 122 Dean Street, Taunton, MA 02780 an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the SUPERIOR COURT Department of the Trial Court at WORCESTER either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counter-claim any claim which you may have against the plaintiff which arises out of the transaction of occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, SUZANNE V. DEL VECCHIO, Esquire, at Worcester, the 5th day of March in the year of our Lord two thousand and four.

True copy Attest:
3/19/04   Deputy Sheriff Suffolk County

                                                              Clerk

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to that particular defendant.

PLEASE CIRCLE TYPE OF ACTION INVOLVED: TORT — MOTOR VEHICLE TORT — CONTRACT EQUITABLE RELIEF — CH. 93A — MEDICAL MALPRACTICE — OTHER.

✷ NOTICE TO DEFENDANT: You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein AND also file the original in the Clerk's Office, Superior Court, Room 21.

| COVER SHEET | Superior Court Department |
|---|---|
| | County: Worcester |

| PLAINTIFF(S) | DEFENDANT(S) |
|---|---|
| Gerald F. Richards | Southbridge Power & Thermal, LLC |

| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE | ATTORNEY (if known) |
|---|---|
| Charlotte E. Glinka  BBO # 559117 <br> KECHES & MALLEN, P.C. <br> 122 Dean Street <br> Taunton, MA 02780   (508) 822-2000 <br> Board of Bar Overseers number: | |

### Origin code and track designation

Place an x in one box only:
- [X] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

### TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B04 | Negligence/PI | ( F ) | ( X ) Yes   ( ) No |

**The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.**

### TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
  1. Total hospital expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . approx. $ 20,000.00
  2. Total Doctor expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . approx. $ 10,000.00
  3. Total chiropractic expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . .
  4. Total physical therapy expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . .
  5. Total other expenses (describe) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . .
     Subtotal $ 30,000.00
B. Documented lost wages and compensation to date . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ 150,000.00
C. Documented property damages to date . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . .
D. Reasonably anticipated future medical and hospital expenses . . . . . . . . . . . . . . . . . . . . . . approx. . . . $ 10,000.00
E. Reasonably anticipated lost wages . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . .
F. Other documented items of damages (describe)
     $. . . . . . . . . . .
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)
     Due to the defendant's negligence, the plaintiff sustained a severe crush injury to his left arm on the job site. The plaintiff has had surgery but continues to have impairment and loss of function in the left arm. The plaintiff was unable to work as a millwright and welder for a period of more than two years. WHEREFORE, the plaintiff believes and avers that his damages in this case are likely to exceed $25,000.00.     TOTAL $ 190,000.00

### CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

TOTAL $. . . . . . . . . .

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _Charlotte E. Glinka_   DATE: 1/12/0_

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000

COMMONWEALTH OF MASSACHUSETTS

WORCESTER, SS.                                    SUPERIOR COURT DEPARTMENT
                                                  CIVIL ACTION NO.

GERALD F. RICHARDS,                    )
      Plaintiff                      )
                                       )
v.                                     )
                                       )
                                       )
SOUTHBRIDGE POWER &                    )
THERMAL, LLC,                          )
      Defendant                      )

## COMPLAINT AND JURY CLAIM

### PARTIES & FACTS

1. The plaintiff, Gerald F. Richards, is an individual residing in Leeds, Maine.

2. The defendant, Southbridge Power & Thermal, LLC ("Southbridge Power"), is a foreign corporation organized under the laws of the State of Delaware, with a principal place of business at 200 North LaSalle Street, Chicago, Illinois.

3. On and before January 23, 2001, and at all material times, the defendant, Southbridge Power, was the energy construction and management company and general contractor for a construction project located at the Southbridge Power Plant in Southbridge, Worcester County, Massachusetts.

4. The defendant, Southbridge Power, had responsibility for general supervision of work and for safety on the construction site.

5. On or about January 23, 2001, and at all material times, the defendant, by its agents, servants and/or employees, was present on the job site.

6. On or about January 23, 2001, and at all material times, Abington Constructors, Inc. contracted with the defendant to perform millwright work at the project located at or around the Southbridge Power Plant

7. On or about January 23, 2001, and at all material times, the plaintiff was employed by Abington Constructors, Inc. to perform millwright and welding work at the project located at or around the Southbridge Power Plant.

8. On or about January 23, 2001, and at all material times, the plaintiff was lawfully on the premises of the construction project located at or around the Southbridge Power Plant.

9. On or about January 23, 2001, while performing welding work on the construction site at the Southbridge Power Plant, and due to the negligence of the defendant by and through its agents, servants and employees in failing to maintain adequate safety measures at the job site, the plaintiff was caused to sustain a severe and permanent crush injury when a large pipe fell on his left arm.

10. As a direct and proximate result of his injury, the plaintiff has suffered physical and mental pain and suffering, lost earnings/lost earning capacity, has incurred medical expenses for his care and treatment, and has suffered and an impairment to his ability to enjoy life and attend to his usual activities.

11. Upon information and belief, on or about January 23, 2001, and at all material times, the defendant Southbridge Power knew or reasonably should have known that work was being performed in an unsafe and unreasonable manner, including but not limited to failing to ensure that millwrights, including the plaintiff, were not exposed to unsafe working conditions.

## COUNT I - NEGLIGENCE

12. The plaintiff repeats and incorporates the aforementioned paragraphs as if each were set forth here in its entirety.

13. The defendant, Southbridge Power, had a duty to direct, manage, supervise, and/or oversee the work performed at the Southbridge Power Plant, including but not limited to: ensuring that workers, including the plaintiff, had a safe work environment, and free of all foreseeable hazards.

14. The defendant, Southbridge Power, breached its duty when it failed to direct, manage, supervise, and/or oversee the work performed at the Southbridge Power Plant, including but not limited to: failing to ensure that workers, including the plaintiff, had a safe work environment, and free of all foreseeable hazards.

15. As a direct and proximate result of Southbridge Power's breach of its duties, the plaintiff was caused to suffer severe and permanent personal injuries.

16. On or about January 23, 2001, and at all material times, the plaintiff exercised due care and was free of any comparative negligence.

WHEREFORE, the plaintiff demands judgment against the defendant for the aforementioned personal injuries and damages, including but not limited to physical and mental pain and suffering, lost earnings, loss of earning capacity, and hospital and medical expenses, plus interest and costs.

## COUNT II - FAILURE TO WARN

17. The plaintiff repeats and incorporates the aforementioned paragraphs as if each were set forth here in its entirety.

18. The defendant, Southbridge Power, had a duty to warn workers, including the plaintiff, of any unsafe and/or unreasonably dangerous working conditions.

19. The defendant breached its duty when it failed to warn workers, including the plaintiff, of the unsafe and/or unreasonably dangerous condition of the work area where they were performing work on the job site.

20. As a direct and proximate result of the defendant's breach of its duties as set out above in part, the plaintiff was caused to suffer and continues to be caused to suffer severe and permanent personal injuries, physical and mental pain and suffering, lost earnings/lost

earning capacity and an impairment in his ability to enjoy life and attend to his usual activities.

21. On or about January 23, 2001, and at all material times, the plaintiff exercised due care and was free of any comparative negligence.

WHEREFORE, the plaintiff demands judgment against the defendant for the aforementioned personal injuries and damages, including but not limited to physical and mental pain and suffering, lost earnings, loss of earning capacity, and hospital and medical expenses, including interest and costs.

## JURY CLAIM

The plaintiff requests a jury trial on all claims as set forth herein.

Respectfully Submitted,
By his Attorneys,

KECHES & MALLEN, P.C.

*[signature]*
CHARLOTTE E. GLINKA
BBO # 559117
122 Dean Street
Taunton, MA 02780
(508) 822-2000

Complaint

- 3 -




CT System

Service of Process Transmittal Form
Boston, Massachusetts

03/19/2004

Via Federal Express (2nd Day)

TO: Richard V Bass Senior VP/CFO
Nations Energy Holdings, LLC
150 South Wacker Drive
Suite 2950
Chicago, IL 60606

Phone: (312) 327-1100 ex:
FAX: (312) 327-1101

RE: **PROCESS SERVED IN MASSACHUSETTS**

FOR    Southbridge Power & Thermal, LLC Domestic State: De

ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:

| | |
|---|---|
| 1. TITLE OF ACTION: | Gerald F. Richards, Pltf. vs Southbridge Power & Thermal LLC, Deft. |
| 2. DOCUMENT(S) SERVED: | Summons, Complaint |
| 3. COURT: | Commonwealth of Massachusetts, Worcester Superior Court Dept. of the Trial Court Case Number 04-00082C |
| 4. NATURE OF ACTION: | Negligence resulting in personal injury |
| 5. ON WHOM PROCESS WAS SERVED: | CT Corporation System, Boston, Massachusetts |
| 6. DATE AND HOUR OF SERVICE: | By Process server on 03/19/2004 at 14:00 |
| 7. APPEARANCE OR ANSWER DUE: | Within 20 Days |
| 8. ATTORNEY(S): | Charlotte E. Glinka<br>Keches & Mallen<br>122 Dean St.<br>Taunton, MA 02780 |

9. REMARKS:

| | |
|---|---|
| SIGNED | CT Corporation System |
| PER | Christina Bonney |
| ADDRESS | 101 Federal Street<br>Boston, MA 02110<br>SOP WS 0006162325 |

Information contained on this transmittal form is recorded for C T Corporation System's record keeping purposes only and to permit quick reference for the recipient. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information that can be obtained from the documents themselves. The recipient is responsible for interpreting the documents and for taking the appropriate action.

(REV 07/89)

**CIVIL COVER SHEET**

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I (a) PLAINTIFFS
GERALD F. RICHARDS

## DEFENDANTS
SOUTHBRIDGE POWER & THERMAL, LLC

FILED
IN CLERKS OFFICE
2004 APR 19 P 3:22
U.S. DISTRICT COURT
DISTRICT OF MASS.

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF __LEEDS, ME__
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT __DELAWARE__
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

CHARLOTTE GLINKA, ESQ.
KECHES & MALLEN, P.C.
122 DEAN STREET
TAUNTON, MA 02780    (508) 822-2000

ATTORNEYS (IF KNOWN)

PATRICK J. MARKEY, ESQ.
ROBINSON DONOVAN, P.C.
1500 MAIN STREET - SUITE 1600
SPRINGFIELD, MA 01115    (413) 732-2301

## II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

28 U.S.C. § 1441, 28 U.S.C. § 1332 - PLAINTIFF ALLEGES PERSONAL INJURY AT A POWER PLANT IN MASSACHUSETTS OPERATED BY DEFENDANT. DEFENDANT REMOVES ON THE GROUNDS OF DIVERSITY AND AMOUNT IN CONTROVERSY EXCEEDING $75,000.00.

## V. NATURE OF SUIT (PLACE AN x IN ONE BOX ONLY)

Nature of suit: ☒ 360 Other Personal Injury

## VI. ORIGIN (PLACE AN x IN ONE BOX ONLY)

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A **CLASS ACTION** ☐ UNDER F.R.C.P. 23

DEMAND $ $190,000.00

JURY DEMAND: ☒ YES ☐ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):

JUDGE _____ DOCKET NUMBER _____

DATE: April 19, 2004

SIGNATURE OF ATTORNEY OF RECORD: [signature]

UNITED STATES DISTRICT COURT

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) __Gerald F. Richards     v. Southbridge Power + Thermal, LLC__

   FILED IN CLERK'S OFFICE
   2004 APR 19 P 3:27
   U.S. DISTRICT COURT
   DISTRICT OF MASS.

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   __ I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   __ II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,
            740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.
            *Also complete AO 120 or AO 121 for patent, trademark or copyright cases

   ✓ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
            315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
            380, 385, 450, 891.

   __ IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
            690, 810, 861-865, 870, 871, 875, 900.

   __ V.   150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

   _____

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?

   YES ☐   NO ☑

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)

   YES ☐   NO ☑

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

   YES ☐   NO ☐

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

   YES ☐   NO ☑

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

   YES ☐   NO ☐

   A. If yes, in which division do all of the non-governmental parties reside?

      Eastern Division ☐        Central Division ☐        Western Division ☐

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

      Eastern Division ☐        Central Division ☐        Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)

   YES ☐   NO ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME __Patrick J. Markey__
ADDRESS __1500 Main Street, Suite 1600, Springfield, MA 01115__
TELEPHONE NO. __(413) 732-2301__

Coversheetlocal.wpd - 10/17/02