UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| GERALD F. RICHARDS,<br>        Plaintiff | ) <br> ) <br> ) | CIVIL ACTION NO. 04-CV-40054-FDS |
| v. | ) <br> ) | |
| SOUTHBRIDGE POWER &<br>THERMAL, LLC,<br>        Defendant | ) <br> ) <br> ) | |

### PLAINTIFF'S MOTION TO AMEND COMPLAINT
### TO ADD PARTY DEFENDANT

The plaintiff, Gerald Richards, hereby moves, pursuant to Fed. R. Civ. P. 15, to amend his Complaint to add Waldron-Abington, LLC as a defendant in this matter. (*See* plaintiffs' proposed Amended Complaint, attached hereto at Exhibit 1). As grounds therefor, the plaintiff states that:

1. This is an action for negligence arising out of serious injuries sustained by the plaintiff, Gerald Richards, at a work site on January 23, 2001, at the Southbridge Power Plant in Southbridge, Massachusetts. Mr. Richards, who was working as a welder on the renovation project at the power plant, sustained a crush injury when a large pipe rolled onto his left arm. The plaintiff claims that the pipe had negligently installed by the defendant, and/or by its agents, servants, and/or employees. Mr. Richards, who is 45 years old, has been out of work since the time of the accident and continues to suffer from a permanent impairment and loss of function in the left arm.

2. Suit was brought against Southbridge Power & Thermal, LLC ("Southbridge") as the owner and contractor for the construction project alleging that its negligence and/or the negligence of its agents, servants and/or employees was the cause of the plaintiff's injuries.

3. Based on discovery materials produced recently, however, including those produced by Southbridge on April 18, 2005, and the deposition of the defendant's 30(b)(6) designee taken on April 26, 2005, it appears that Waldron-Abington, LLC ("Waldron") was the

general contractor for the job at the Southbridge Power Plant where the plaintiff's accident and injuries occurred, and may be negligent with respect to the circumstances surrounding the plaintiff's accident and injuries, including the installation of the pipe that the plaintiff was working on at the time of his accident. Waldron was also responsible for overall safety at the job site.

4. Accordingly, Waldron may be liable for part or all of the plaintiff's damages in this case and the plaintiff seeks to add Waldron as a necessary party in this matter.

5. The Rules of Civil Procedure provide that "a party may amend his pleading only by leave of court . . . and leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). "The Supreme Court has stated that the liberal amendment policy of Rule 15(a) is a mandate to be heeded." *Berthiaume v. Enterprise Rent-A-Car*, 164 F.R.D. 121 (1995) *citing Forman v. Davis*, 371 U.S. 178, 83 S.Ct. 227 (1962). The Supreme Court has stated that "if the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Id.* at 230. *See also Bengar v. Clark Equipment Co.*, 24 Mass.App.Ct. 41 (1987); *National Construction Co. v. National Grange Mutual Insurance Co.*, 10 Mass.App.Ct. 39 (1980).

6. Since Waldron's alleged negligence arises out of the same facts and/or circumstances as that of the other defendant, the plaintiff seeks to add this entity as a defendant in the present action. Accordingly, the plaintiff would be prejudiced if not permitted to add an essential party in this matter, and justice therefore requires that the plaintiff be permitted to amend their Complaint to add Waldron-Abington, LLC as a defendant.

7. An amendment of the Complaint to add this defendant will not prejudice any of the parties and will not impede the process of discovery in this case or the scheduling of this matter for trial.

8. The current fact discovery deadline has been extended through the end of May, 2005, and the parties should be able to complete discovery by that date. The pre-trial conference in this matter is scheduled for November 16, 2005, and an allowance of this motion will not delay the scheduling of the pre-trial conference or the trial date in this matter.

9. On the other hand, a denial of this motion would greatly prejudice the plaintiff who would otherwise be denied the right to bring a claim against a responsible party.

10. Notice of this motion and the plaintiff's proposed Amended Complaint have been served upon the defendant, Southbridge, and upon Waldron-Abington, LLC.

WHEREFORE, in the interests of justice, the plaintiff hereby respectfully requests that their Motion to Amend the Complaint be ALLOWED and that he be permitted to serve the Amended Complaint on the defendants forthwith

Respectfully submitted,
By his Attorneys,

KECHES & MALLEN, P.C.

_____
CHARLOTTE E. GLINKA
BBO # 559117
122 Dean Street
Taunton, MA 02780
(508) 822-2000

DATED: May 4, 2005
Mot-AmdCplt

- 3 -