UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

|  |  |
|---|---|
| GERALD F. RICHARDS,<br>Plaintiff<br><br>v.<br><br>SOUTHBRIDGE POWER &<br>THERMAL, LLC,<br>Defendant | CIVIL ACTION NO. 04-CV-40054-FDS |

### MOTION OF WALDRON-ABINGTON, LLC TO INTERVENE FOR THE PURPOSE OF OPPOSING PLAINTIFF'S MOTION TO AMEND COMPLAINT TO ADD WALDRON-ABINGTON

Pursuant to Rules 24(a) and (b) of the Federal Rules of Civil Procedure, Waldron-Abington, LLC, a Massachusetts limited liability company, requests the opportunity to intervene in this matter for the limited purpose of opposing Gerald Richards' Motion to Amend Complaint to Add Waldron-Abington, LLC. Accompanying Waldron-Abington's Motion to Intervene is Waldron-Abington, LLC's Opposition to Plaintiff's Motion to Amend Complaint to Add Third Party.

### ARGUMENT

This is a personal injury action that arose when the plaintiff, Gerald Richards, was injured while working on a power plant construction project being built for defendant Southbridge Power & Thermal, LLC ("Southbridge") pursuant to a contract between Southbridge and Waldron-Abington, LLC ("Waldron-Abington"). At the time of his injury, Richards was employed by Abington Constructors, LLC, one of three entities that

formed the joint venture known as Waldron-Abington. Richards now seeks to add Waldron-Abington as a defendant even though the statute of limitations for asserting such a claim has expired.

At this time, no party in the action can adequately represent Waldron-Abington's interests for the purpose of defending against Richards' requested amendment and the disposition of the Plaintiff's Motion to Amend Complaint without Waldron-Abington's participation might impair its defense thereafter. Southbridge, although nominally a defendant and adverse to the plaintiff, has an arm's length contractual relationship with Waldron-Abington. Notwithstanding Southbridge's opposition to the Motion to Amend, the claim presented by Richards effectively places Southbridge and Waldron-Abington in conflicting positions. The addition of Waldron-Abington to the case theoretically aids Southbridge to the detriment of Waldron-Abington by creating an opportunity for Southbridge to share any adverse judgment. This in turn creates an inextricable conflict between these parties that prevents Southbridge from protecting Waldron-Abington's interests. This circumstance would seem to clearly support Waldron-Abington's intervention as a matter of right in accordance with Rule 24(a).

Separately, there is little doubt that the claims to be asserted against Waldron-Abington have common questions of law and fact with those currently pending against Southbridge. Under Rule 24(b), intervention may be allowed by the Court in such circumstances. Waldron-Abington requests that the Court exercise its discretion and grant to Waldron-Abington opportunity to intervene in this case at this time.

Waldron-Abington, LLC,
By its attorney

_____
Scott J. Nathan (BBO #547278)
200 Homer Avenue
Ashland, MA 01721
(508) 881-0060

Of counsel:

_____
Joseph Barra, Esq.
(BBO #632534)
Gadsby Hannah LLP
225 Franklin Street
Boston, MA 02110
(617) 345-7000

I hereby certify that the foregoing was served on all parties by delivering same by hand/first class mail on 6-15-05 to all counsel of record. _____

3