UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

|  |  |
|---|---|
| GERALD F. RICHARDS,<br>    Plaintiff<br><br>v.<br><br>SOUTHBRIDGE POWER &<br>THERMAL, LLC,<br>    Defendant | )<br>)<br>)<br>)<br>)   CIVIL ACTION NO. 04-CV-40054-FDS<br>)<br>)<br>)<br>)<br>) |

**OPPOSITION OF INTERVENOR
WALDRON-ABINGTON, LLC TO
PLAINTIFF'S MOTION TO AMEND COMPLAINT**

Waldron-Abington, LLC, a Massachusetts limited liability company ("Waldron-Abington") and the joint venture for the design and construction of the Southbridge Power Plant at which plaintiff Gerald Richards was allegedly injured, opposes Mr. Richard's request to add Waldron-Abington, LLC to this case. As stated more fully below, Waldron-Abington opposes the Motion to Amend Complaint to Add Third Party Defendant because:

1) The applicable statute of limitations precludes the plaintiff's claim against Waldron-Abington;

2) Rule 15(c) of the Federal Rules of Civil Procedure regarding relation back of amendments does not permit the plaintiff to add Waldron-Abington now;

3) Waldron-Abington is a joint venture comprised of, in part, Abington Constructors, LLC, the plaintiff's employer. Under the circumstances present here, the

Massachusetts Workmen's Compensation Act does not permit Mr. Richards to sue Waldron-Abington; and

4) The plaintiff has known about the relationship between Waldron-Abington and his employer since July 16, 2004, if not earlier. This undue delay would result in substantial prejudice to Waldron-Abington because it will be denied the opportunity to conduct discovery and otherwise defend itself.

## BRIEF FACTUAL HISTORY

On or about May 17, 2000, three entities formed a joint venture known as Waldron-Abington, LLC ("Waldron-Abington"): Abington Constructors, Inc., Waldron Engineering, Inc. and Waldron Construction, LLC. *See* LLC Agreement of Waldron-Abington, LLC, attached as Exhibit 1. The purpose of the LLC Agreement was the design and construction of a natural gas engine/fire tube boiler cogeneration plant in Southbridge, Massachusetts (the "project") for Southbridge Power & Thermal, LLC ("Southbridge"). On June 6, 2000, Southbridge and Waldron-Abington entered into a contract for the design and construction of the project. *See* Engineering, Procurement and Construction Agreement ("EPC Agreement"), attached to the Answer of Southbridge as Exhibit 1, part of which is reproduced and attached hereto as Exhibit 2. At that time, it was known to both parties that Waldron-Abington was a joint venture and that the three entities would together provide the engineering and construction services necessary to complete the project. *See* Exhibit 1, p. 2 ("Construction Subcontractor," "Design Subcontractor").

Gerald Richards was employed by Abington Constructors on and off for almost twenty years beginning in the 1980s and including, in part, the construction of the

project. As part of its responsibility to the joint venture, Abington Constructors contributed Mr. Richards' services to the project. As part of his work on the project, Mr. Richards helped assemble the water piping system for the plant. He was injured on January 23, 2001 on the job.

This action was commenced on January 13, 2004 in Massachusetts Superior Court. In Paragraph 6 of his Complaint, Mr. Richards alleged that Abington Constructors, Inc. contracted with Southbridge to perform millwork at the project. On July 16, 2004, after removing the lawsuit to this Court, Southbridge filed its Answer. In response to the allegations in Paragraph 6 of the Complaint, Southbridge said:

> "[Southbridge] admits that it contracted with Waldron-Abington, LLC ("W-A") pursuant to an Engineering, Procurement and Construction Agreement dated June 6, 2000 ("EPC Agreement") . . . (See, EPC Agreement attached hereto as Exhibit 1). . . ."

On October 13, 2004, this Court issued its Rule 16 Scheduling Order. The Scheduling Order required the parties to complete the Initial Disclosure by October 26, 2004, amend all pleadings by December 31, 2004, and complete all discovery by April 30, 2005. On October 25, 2004, Southbridge delivered its Initial Disclosure to Richards and included, as part of that disclosure, another copy of the EPC Agreement. All discovery, with the exception of two depositions of Abington employees held in early May 2005, was completed by April 30, 2005.

## ARGUMENT

I. **The Statute Of Limitations For Filing A Claim Against Waldron-Abington, LLC Expired On January 24, 2004**

It is not disputed that the substantive law of Massachusetts applies. Consequently, the Massachusetts statute of limitations pertaining to tort claims

establishes the deadline for filing a claim against Waldron-Abington arising from Richards' injury. The applicable statute, G.L. c. 260, §2A, obligated Richards to file his claim within three years of the date on which the cause of action accrued. Richards does not claim that either his injury or its cause was first discoverable on some date after January 23, 2001, the date on which the accident occurred. Therefore, any action against Waldron-Abington concerning the accident must have been filed on or before January 23, 2004. Since it is undisputed that no such claim was filed against Waldron-Abington by that date, the claims against Waldron-Abington are barred.

### II. Neither The Liberal Amendment Policy Of Rule 15(a) Nor The Relation Back Provision Of Rule 15(c) Permit The Addition Of Waldron-Abington After The Limitations Period Has Expired

Richards seeks to add Waldron-Abington to this case by arguing that amendments are liberally granted, citing the language in Rule 15(a). Although Richards is seeking to add a new party to the case after the expiration of the statute of limitations, he fails to argue that the amendment relates back to the date on which the original complaint was filed. This omission is arguably an admission that the proposed amendment does not relate back to the original complaint.

"While leave to amend shall be freely given when justice so requires . . . the liberal amendment policy prescribed by Rule 15(a) does not mean that leave will be granted in all cases." *Acosta-Mestre v. Hilton Int'l of P.R., Inc.*, 156 F.3d 49, 51 (1st Cir. 1998). Among the reasons for denying an amendment are "undue delay," the "futility of the amendment" and "undue prejudice." See *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227 (1962).

"Where a plaintiff seeks to amend his complaint to add new parties against whom the statute of limitations has run, he must establish that the relation back requirements of Fed.R.Civ.P. 15(c) are met." *Broner v. Flynn*, 311 F.Supp. 2d 227, 236 (D.Mass. 2004). When the amendment seeks to add a party after the applicable statute of limitations has expired, Rule 15(c)(3) provides the pathway, permitting relation back if

> the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

Fed.R.Civ.P. 15(c)(3). "The rule has been revised to prevent parties against whom claims are made from taking unjust advantage of otherwise inconsequential pleading errors to sustain a limitations defense." Fed.R.Civ.P. 15, Advisory Committee Notes, 1991 Amendment, p. 102. Richards makes no attempt to satisfy the requirements of this Rule and could not satisfy the Rule in any event.

To succeed in relating back to the original complaint, and assuming that Richards can convince the Court that the omission of Waldron-Abington was a pleading error, Richards must show that within 120 days after the summons and complaint were served, Waldron-Abington had received such notice of the lawsuit that it would not be prejudiced in maintaining a defense now. The answer here is clearly no.

The original Complaint was filed in Superior Court on January 13, 2004. According to Southbridge's Notice of Removal, Southbridge received service of the Complaint sixty-five days later, on March 19, 2004. Waldron-Abington did not receive any notice or other information about the lawsuit from Richards, either directly or

through counsel, at any time during the remaining fifty-five days of the Rule 4(m) service period.

Even if such notice existed, Richards must also show that Waldron-Abington knew or should have known that it was the intended target of the lawsuit and, but for mistaken identity, would have been sued. *See Leonard v. Parry*, 219 F.3d 25, 27 (1st Cir. 2000). The concept of mistaken identity is not satisfied when a plaintiff seeks belatedly to add a defendant because he didn't know the new party might be liable. *See Benn v. Seventh-Day Adventist Church*, 304 F.Supp.2d 716 (D.C. Md. 2004). Richards cannot satisfy this test, either.

Southbridge and Waldron-Abington are entirely separate and independent entities that entered an arms length transaction for the construction of a power plant. Richards, who worked for Abington Constructors on and off for almost twenty years, clearly must have known the difference between the two entities; he offers the Court nothing to suggest otherwise. His explanation is simply that he learned through discovery that Waldron-Abington was the general contractor for the project. This is not a case of mistaken identity; it's a belated realization that there may be another potentially liable party. On the limited record before this Court, Richards' amendment to add Waldron-Abington does not relate back to the filing of the original Complaint and should be denied.

### III. It Would Be Futile To Add Waldron-Abington Because It Is Shielded From Liability By The Workmen's Compensation Act

General Laws Chapter 152, §1, et seq., is the Massachusetts Workmens' Compensation Act (the "Act"), pursuant to which those injured employees who elect to receive workmen's compensation benefits may not thereafter sue their employers for

damages. The term "employer" is defined by Section 2 of the Act to include "an individual, partnership, association, corporation or other legal entity, or any two or more of the foregoing engaged in a joint enterprise . . . ." There is no dispute that Richards' employer, Abington Constructors, Inc., was engaged in the joint enterprise known as Waldron-Abington and contributed the services of its employees, including Richards, to the joint enterprise. As a result, Waldron-Abington cannot be sued here.

The Waldron-Abington Agreement, which is attached as Exhibit 1 and has apparently been produced to Richards in this litigation, demonstrates that the venturers that formed Waldron-Abington intended to conduct themselves as a joint venture: they agreed to share profits and losses and to make contributions to the common goal described in the Agreement. *See* Exhibit 1 at, *inter alia*, §§ 1.3, 1.5, 2.2, 4.1. Although there is evidence that Richards was employed by Abington Constructors and his actions were controlled by the supervisors employed by Abington, all of this work was part of what the joint venture intended as Abington's contribution. *Cf. Gurry v. Cumberland Farms, Inc.*, 406 Mass. 615, 619-621 (1990)(corporate successor of employer is not protected by employer's statutory immunity where it assumed at least some liabilities of employer). As a result, permitting the addition of Waldron-Abington to the case now would require it to seek dismissal based on the immunities provided by the Act.

### IV.  Richards' Undue Delay In Seeking To Add Waldron-Abington Would Cause Waldron-Abington To Suffer Undue Prejudice

Richards has known about the existence of Waldron-Abington since at least July 16, 2004, when Southbridge filed its Answer and specifically identified Waldron-Abington as the general contractor for the project. This belies Richard's assertion in his Motion to Amend that he first discovered the existence of Waldron-Abington at the end

of discovery in April 2005. More significantly, Richards did nothing with the information that it received last July regarding Waldron-Abington's role until six months after the Court-imposed deadline for amendments and after all discovery was completed.

There can be little question that Waldron-Abington will be substantially prejudiced by being added to the case at such a late stage. It would necessarily engage in such activities as deposing the plaintiff, seeking documents and related information from Richards and third party sources, all while the existing parties move to summary judgment and trial. This is hardly fair, particularly given the plaintiff's delay in introducing Waldron-Abington to the case.

## CONCLUSION

For the foregoing reasons and based on the authorities cited, Waldron-Abington requests that the Court deny Richards' Motion to Amend Complaint to Add Waldron-Abington, LLC.

Waldron-Abington, LLC,
By its attorney

Scott J. Nathan (BBO #547278)
200 Homer Avenue
Ashland, MA 01721
(508) 881-0060

Of counsel:

Joseph Barra, Esq.
(BBO #632534)
Gadsby Hannah LLP
225 Franklin Street
Boston, MA 02110
(617) 345-7000

I hereby certify that the foregoing was served on all parties by delivering same by hand/first class mail on 6-15-05 to all counsel of record

8