UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| GERALD F. RICHARDS, ) | |
| Plaintiff, ) | |
| ) | Civil Action No. |
| v. ) | 04-40054-FDS |
| SOUTHBRIDGE POWER & THERMAL, LLC, ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER
ON MOTION TO AMEND COMPLAINT**

**SAYLOR, J.**

This matter is before the Court on a motion by plaintiff Gerald Richards to amend the complaint to add a defendant pursuant to Fed. R. Civ. P. 15.  Defendant Southbridge Power has filed an opposition to the motion, and the proposed additional defendant, Waldron-Abington, LLC, has filed a motion to intervene with a proposed opposition.

**Background**

On January 23, 2001, plaintiff Richards was engaged as a welder on a renovation project at the Southbridge Power Plant when he sustained a crush injury caused by a large pipe rolling onto his left arm.  The complaint alleges negligence and failure to warn by defendant Southbridge Power and/or by its agents, servants, and/or employees.  The proposed defendant, Waldron-Abington, LLC, was the general contractor for the renovation of the Southbridge Power Plant.

The complaint was filed on January 13, 2004, in the Worcester Superior Court.  On April

19, 2004, Southbridge Power removed the case to this Court pursuant to 28 U.S.C. §§ 1441(a) and (b) and 1446.  Defendant Southbridge Power is a Delaware corporation with a principal place of business in Chicago, Illinois; plaintiff Richards is an individual residing in Maine; and the amount in controversy exceeds $75,000.  Federal jurisdiction therefore exists pursuant to 28 U.S.C. § 1332.  **(Notice of Removal ¶ 4-7.)**

## Analysis

Fed. R. Civ. P. 15(a) states that if a responsive pleading has been filed, "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires."  The First Circuit, however, has recognized that the "freely given" standard does not apply where the motion to amend the pleading does not comply with the deadlines set forth in a scheduling order issued pursuant to Fed. R. Civ. P. 16(b).  *O'Connell v. Hyatt Hotels of Puerto Rico*, 357 F.3d 152, 154-155 (1st Cir. 2004).  In such a situation, the appropriate standard is the "good cause" standard of Fed. R. Civ. P. 16(b) for modification of a scheduling order.  *Id.* at 154.

The Court issued a Scheduling Order in this case on October 12, 2004, which provides that "Except for good cause shown, no motions seeking leave to add new parties or to amend the pleadings to assert new claims or defenses may be filed after 12/31/04."  Plaintiff filed his motion to add Waldron-Abington on May 6, 2005; accordingly, he must demonstrate good cause for this Court to modify the schedule and allow an amendment to the complaint.

Plaintiff alleges that he learned for the first time in April 2005 that Waldron-Abington "was the general contractor for the job at the Southbridge Power Plant where the plaintiff's accident and injuries occurred, and may be negligent with respect to the circumstances

surrounding the plaintiff's accident and injuries, including the installation of the pipe that plaintiff was working on at the time of his accident." Plaintiff also states, without elaboration, that "Waldron [-Abington] was also responsible for overall safety at the job site."

Plaintiff has failed to show "good cause" for modification of the scheduling order. First, plaintiff knew, or reasonably should have known, that Waldron-Abington was the general contractor for at least six months prior to the December 31 deadline. On June 16, 2004, Southbridge Power filed its answer, which states in paragraph 6 that Southbridge contracted with Waldron-Abington to act as the general contractor for the construction of the Southbridge Power Plant. Furthermore, October 25, 2004, Southbridge Power provided a copy of the contract with Waldron-Abington as part of its initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1). Moreover, if plaintiff is arguing that he learned for the first time in April 2005 that Waldron-Abington was or may have been negligent—and it is unclear that he is—he has offered no evidence of any kind to support that claim. The "good cause" standard is not particularly demanding, but it nonetheless requires something more than a bare assertion of fact. At the very least, plaintiff must offer an explanation as to why he only discovered the alleged negligence of the general contractor more than four years after the accident.

Plaintiff's delay in seeking to amend the complaint appears to have been due to a lack of diligence, rather than due to the fact that new information arose for the first time in the course of discovery. Accordingly, plaintiff has not made a sufficient showing of "good cause" for this Court to modify the Scheduling Order and allow the amendment to the complaint.

## Conclusion

For the reasons stated above, plaintiff's motion to amend the complaint to add a party defendant is therefore DENIED.  The proposed defendant's motion to intervene is DENIED as moot.

**So Ordered.**

/s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge

Dated: July 20, 2005